SYNTEX AGRIBUSINESS,
INC., Petitioner,

v.

UNITED STATES INTERNATIONAL TRADE COMMISSION; Mitsui and Company; Alps Pharmaceutical, Respondents.

Appeal No. 80–13.

United States Court of Customs and Patent Appeals.

April 1, 1980.

Matthew J. Travers, Jr., Washington, D. C., for Syntex.

Christine Bliss, Edward M. Lebow, International Trade Commission, Washington, D. C., for International Trade Commission et al.

Before MARKEY, Chief Judge, and RICH, BALDWIN and MILLER, Judges.

MARKEY, Chief Judge.

Syntex petitions for a writ of mandamus to the International Trade Commission (ITC), and moves for a stay of all proceedings in this court on its petition, pending further action by the ITC.

## BACKGROUND

On June 1, 1979, Syntex filed a complaint with the ITC, alleging unfair methods of competition under 19 U.S.C. § 1337. The complaint alleged that despite an earlier antidumping order by the Department of Treasury certain imported chemicals were being "dumped" into the U.S. market. The ITC considered the complaint and on June

26, 1979, voted not to initiate an investigation, on the ground that the acts complained of were solely within the purview of the Antidumping Act, 19 U.S.C. § 160 et seq., and thus not proper subject matter for ITC investigation. The ITC referred the complaint to the Treasury Department, which had responsibility for enforcing the Antidumping Act.

On October 24, 1979, Syntex filed a second complaint with the ITC alleging violation of § 1337, containing additional allegations of violation of § 2 of the Sherman Act and of a conspiracy between the Japanese manufacturer and the American importer to price predatorily.

On November 20, 1979, the ITC, having received no response from Treasury on its referral, voted not to institute an investigation but to notify Treasury in view of 19 U.S.C. § 1337(b)(3).

Treasury responded to the referral of Syntex's first complaint on December 27, 1979, stating that the complaint was within the purview of the Antidumping Act and that Treasury would aid Syntex if aid were found appropriate.

On January 21, 1980, Syntex filed a petition for writ of mandamus in this court, asking that the ITC be compelled to initiate a § 1337 investigation.

On February 12, 1980, the ITC again voted not to initiate a § 1337 investigation but to initiate a preliminary investigation, pursuant to 19 U.S.C. § 2482, to determine whether the allegations in Syntex's second complaint warranted a full § 1337 investigation.

On February 21, 1980, Syntex filed a motion asking this court to stay proceedings on its request for the writ until the § 2482 investigation is complete and the ITC has voted once again on the second complaint.

### OPINION

#### 1. Motion to Stay

■ Mandamus is a summary, expeditious, and drastic writ, based on the assumption that the applicant has an immediate and complete legal right to the relief demanded, 52 Am.Jur.2d, *Mandamus*, § 4 (1970). The nature of the mandamus writ precludes a petitioner from requesting a writ and then asking a court to stay action on the request until the legal right to the writ matures.

■ In this case Syntex does not challenge the authority of the ITC to proceed under § 2482, but instead acquiesces in that action by asking this court to stay consideration of the mandamus petition, saying in its brief on its motion for stay that the "controversy may be mooted" if the ITC votes to institute a § 1337 investigation at the end of the § 2482 investigation. Thus Syntex does not assert a present legal right to an immediate § 1337 investigation. Because Syntex is asking this court to stay action on the mandamus petition until its right to request mandamus matures, the motion for stay must be denied.

#### 2. Petition for Mandamus

■ The vote to conduct a preliminary investigation under § 2482 rendered moot the issue of whether the ITC abused its discretion in initially refusing to initiate a § 1337 investigation. If the ITC eventually votes to initiate a § 1337 investigation the entire controversy will be moot. If the ITC votes not to institute a § 1337 investigation, Syntex's right to petition for mandamus at that time would remain unaffected. In the latter case, the propriety of the prior ITC refusal to institute a § 1337 investigation, the subject of the present mandamus petition, would not be at issue. Thus Syntex's present petition for mandamus must be dismissed as moot.

### Conclusion

The motion for stay on the petition for writ of mandamus is *denied*. The petition for writ of mandamus is *dismissed*.

*DISMISSED.*